IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 5:05-cr-26-MCR-GRJ

MICHAEL EDWARD PAIR,

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 133, a motion to vacate pursuant to 28 U.S.C. § 2255.  The motion stems from Defendant's guilty plea to one count of manufacturing and possessing with intent to distribute more than five (5) grams of actual methamphetamine, in violation of 21 U.S.C § 841(a)(1), (b)(1)(B)(viii).  Defendant was subject to enhanced penalties due to a 1992 Bay County *nolo contendere* plea to the felony offense of possession of methamphetamine.  Doc. 5.  The Court sentenced Defendant to the statutory mandatory-minimum sentence of 120 months' imprisonment. Doc. 90.  In the instant motion, Defendant contends that he was denied his Sixth Amendment right to the effective assistance of counsel.  The Government has filed a response in opposition to the motion.  Doc. 139.  Defendant also seeks leave to amend his motion to assert a claim that his prior state *nolo* plea did not subject him to enhanced penalties.  Doc. 145.  For the following reasons, the undersigned recommends that leave to amend be denied and that the motion to vacate be denied.

## **Background**

Following the execution of a search warrant at his home, Defendant and his girlfriend, Rhonda Michelle Couch, were charged in a two-count indictment with conspiracy and manufacturing with intent to distribute more than 5 grams of methamphetamine. Doc. 1. Defendant's first appointed counsel, Assistant Federal Public Defender Kafahni Nkrumah, filed a motion and amended motion to suppress evidence, contending that the affidavit in support of the search warrant did not support a finding of probable cause. Docs. 18, 21. Following a hearing, the Court denied the motion on the merits and as untimely. Docs. 27, 32. Nkrumah withdrew from representation prior to trial, and Dennis Boothe entered his appearance for Defendant. On the day set for trial, Defendant pleaded guilty to Count Two without a written agreement, and the Government agreed to dismiss Count One (conspiracy) at sentencing. Following Boothe's withdrawal from representation, the Court permitted Defendant to proceed *pro se* with attorney George Murphy acting as standby counsel. Defendant unsuccessfully sought to withdraw his plea. Docs. 69, 70. At sentencing, Defendant conceded the validity of his plea to the state methamphetamine charges that formed the basis for the enhanced sentence.[1]  Doc. 123 at 17.

On appeal, Defendant argued that the Court improperly participated in his plea negotiations, improperly denied his motion to withdraw his guilty plea, erred in denying a motion for independent testing of the methamphetamine, and erred by permitting him to proceed *pro se*. The Eleventh Circuit rejected each of these claims and affirmed.

---

[1] A plea of *nolo contendre* is recognized as the equivalent of a guilty plea in Florida. *See* Fla. R. App. P. 9.140(b)(2).

Doc. 129.

Defendant filed the instant motion on December 10, 2009.  Doc. 133. Defendant contends that his trial counsel rendered ineffective assistance by (1) failing to file a timely motion to suppress based on an allegedly invalid search warrant (attorney Nkrumah); and (2) inducing him to plead guilty by erroneously advising him that a challenge to the search warrant would be unsuccessful (attorney Boothe).  Doc. 133 (motion); 141 (memorandum).

## Ineffective Assistance of Counsel

By entering a voluntary plea, a defendant waives several rights, including the right to a jury trial, to the assistance of counsel at trial, to raise a defense, and to confront his accusers.  *Boykin v. Alabama*, 395 U.S. 563, 573 (1989).  Further, a voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea, including claims of ineffective-assistance that do not attack the voluntariness of the plea.  *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973);  *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

Because Petitioner's claims raise the issue of counsel's effectiveness, a review of *Strickland* is appropriate.   To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy.  *Strickland*, 466 U.S. at 686.  The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong.  *Id*. at 697.

*Page 4 of 8*

Further, in the guilty plea context, to show prejudice Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The requirement of a showing of prejudice in the guilty-plea context serves "the fundamental interest in the finality of guilty pleas." *Id*. at 58. The inquiry as to whether a reasonable probability exists that a defendant would have insisted on going to trial "should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 60 (quoting *Evans v. Meyer*, 742 F.2d 371, 375 (7th Cir. 1984)).

## Discussion

Defendant first contends that attorney Nkrumah performed deficiently by failing to "timely" challenge the validity of the search warrant, which Defendant argues was "plainly invalid" on its face. Docs. 133, 141. As support for this argument, Defendant contends that the search warrant was invalid because it did "not incorporate the application or the affidavit of probable cause." Doc. 141 at 5. Defendant argues that counsel's "failure to challenge the warrant (instead of the affidavit) deprived [Defendant] of an opportunity to fully and fairly litigate his Fourth Amendment claim that the warrant was plainly invalid[.]" *Id*. at 6. Defendant submitted a copy of the search warrant as an exhibit to his memorandum. *Id*. at 13.

To the extent that Defendant seeks to relitigate the validity of the search warrant, such claim is foreclosed by his valid guilty plea. Moreover, Defendant is not entitled to relief on grounds of ineffective assistance for two reasons: First, the face of the warrant reflects that the issuing judge's finding of probable cause was based on "complaint on

oath and in writing, *supported by affidavit*." *See* Doc. 141 at 13 (emphasis added). It is clear from this Court's record of the motion to suppress that the affidavit was "Exhibit C" to the warrant, notwithstanding that the warrant identifies "Exhibit A" (description of residence) and "Exhibit B" (description of items to be seized), but does not specifically refer to the affidavit as "Exhibit C." *See* Doc. 22 (Defendant's amended motion to suppress with attached copy of search warrant affidavit, styled as "(Exhibit C) Probable Cause"). Counsel was not deficient for failing to raise an unmeritorious challenge to what is, at most, a technical flaw. The motion to suppress was directed to the substance of the affidavit upon which the warrant was based. *See* Doc. 22. Second, the suppression issue was determined on the merits by the Court following a hearing, notwithstanding that the motion also was untimely. Even if filing an untimely motion is arguably deficient performance, Defendant was not prejudiced because the Court entertained the merits of the motion to suppress anyway. Under these circumstances, there is not a reasonable probability that but for counsel's failure to file a timely motion to suppress raising this additional claim, Defendant would not have pleaded guilty and would have insisted on going to trial.

For the same reasons, Defendant is not entitled to relief on his second claim that Boothe performed deficiently by misadvising him regarding a potential challenge to the search warrant. At the time that Boothe undertook to represent Defendant, the motion to suppress had been rejected on the merits. The additional ground for challenge now raised by Defendant would have had no chance of success.

In his motion to amend, Doc. 145, Defendant seeks to add the claim that his

sentence was improperly enhanced on the basis of his Bay County *nolo* plea to felony possession of methamphetamine.  Defendant filed this motion on February 13, 2012.

Because Defendant's proposed new claim is facially untimely under the one-year limitations period of 28 U.S.C. § 2255(f), it is barred unless it "relates back" to his original motion.  *See* Fed. R. Civ. P. 15(c); *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).  The new claim "will relate back and be considered timely if [it] 'arose out of the conduct, transaction, or occurrence' set forth in his original § 2255 motion."  *Davenport*, 217 F.3d at 1344.  For relation back to apply, the untimely claim must "have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceeding."  *Id*.  Rather, the untimely claim "must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Id*.  Rule 15(c) is not "so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts."  *Pruitt v. United States*, 274 F.3d 1315, 1318 (11th Cir. 2001).  Thus, while the rule "contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment."  *Pruitt*, 274 F.3d at 1318.  Defendant's initial claims and the proposed new claim are wholly unrelated, and therefore the new claim may not be added by amendment.

Defendant argues that recent Supreme Court authority supports adding the claim.  Doc. 145 (citing *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S.Ct. 2577, 2585 (2010)).  In *Carachuri-Rosendo*, the Supreme Court held that a conviction for a

simple possession offense that potentially carried state recidivist penalties is not an "aggravated felony" for purposes of enhanced sentencing under the immigration statutes when the defendant was not in fact charged as a recidivist for the state offense. *Carachuri-Rosendo* was decided on March 31, 2010, more than one year before Defendant's motion to amend, and thus even if it provided a basis for relief the instant claim would still be time-barred.

Further, *Caruchuri-Rosendo* affords Defendant no relief. Defendant's sentence was enhanced pursuant to 21 U.S.C § 841(b)((1)(B)(viii), which provides a mandatory minimum 10-year sentence for a violation committed "after a prior conviction for a felony drug offense has become final." A state plea of *nolo contendre* to a felony offense, followed by a withholding of adjudication, constitutes a prior conviction for purposes of the enhanced penalties for recidivists in § 841(b). *See United States v. Mejias*, 47 F.3d 401, 404 (11th Cir.1995).

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of

appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion for leave to amend, Doc. 145, be **DENIED**, that the motion to vacate, Doc. 133, be **DENIED**, and that a COA be **DENIED.**

**IN CHAMBERS** this 23rd day of March 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**